## ALEXANDER JOHNSON, *v.* EDWARD L. WINSLOW.

The first Section of the Act of 1868-'69, c. 86, (March 22d 1869,) requiring writs of summons before Magistrates upon contracts entered into before May 1st 1865, to be returnable at the end of ninety days, is unconstitutional and void, as plainly intending to hinder a certain class of creditors, and therefore, impairing the obligation of a class of contracts.

(*Jacobs* v. *Smallwood*, 63 N. C. R., 112, cited and approved.)

ACTION for money, begun before a magistrate, and tried by *Buxton, J.*, upon appeal, at Spring Term 1869, of CUMBERLAND Court.

The note upon which the action was founded, was given February 4th 1860. The summons was issued May 15th 1869, returnable on the 29th of the same month; on the last mentioned day the defendant moved to amend the writ so as to make it returnable (in accordance with the recent act of March 22d 1869, in relation to Proceedings before Magistrates) at the end of ninety days from the day on which it was issued. The Magistrate made an order accordingly, and the plaintiff appealed to the Superior Court.

It was agreed by the parties that if his Honor should affirm the judgment below, judgment should be given as of non-suit; and if otherwise, judgment should be entered for the debt.

Therefore his Honor, considering the provision of the act of 22d March 1869, to be unconstitutional, gave judgment in favor of the plaintiff for the debt, and costs.

The defendant appealed to the Supreme Court.

*McRae,* for the appellant.

*Hinsdale, contra,* cited *Sturges* v. *Crowninshield,* 4 Wheat. 206; *Green* v. *Biddle,* 8 *Ib.* 1; *Mason* v. *Hale,* 12 *Ib.* 370; *Ogden* v. *Saunders, Ib.* 233; *Bronson* v. *Kinzie,* 1 How. 311; *McCracken* v. *Hayward,* 2 *Ib.* 608; *Planters' Bank* v. *Sharp,*

6 *Ib.* 328; *Curran* v. *Arkansas*, 15 *Ib.* 319, *Quackenbush* v. *Dank*, 1 Coms. (N. Y.) 129, Story, Const. §1379; *Jones* v. *Crittenden*, 1 Car. Law Repos. 385; *Barnes* v. *Barnes*, 8 Jon. 366; *Jacobs* v. *Smallwood*, 63 N. C. R. 112.

READE, J. A contract without a remedy in the Courts to enforce it, amounts to nothing; and therefore the law must furnish a remedy. But it need not furnish any *particular* remedy. The remedy may be changed from time to time for the convenience of the courts, and for the purposes of justice, and such change does not impair the obligation of contracts. A change of remedy, however, not for those purposes but for the favor of one party at the expense of the other, and which does in fact, materially and injuriously affect the rights of a party, impairs the obligation of the contract and is void. From the absence of all reason for the change in time of the return of the summons, from the unusually long time allowed for the return, and from the discrimination in the class of debts to which the change is allowed, it is apparent that the purpose here was, unnecessarily to delay the plaintiff in the prosecution of his right, and the effect is to impair the obligation of the contract; and therefore the first section of the eighty-sixth chapter of the Acts of (March 22nd) 1869, is void: *Jacobs* v. *Smallwood*, 63 N. C R. 112.

There is no error.

RODMAN, J. I should dissent from the opinion of the Court in this case, upon the reasoning which I endeavored to maintain in *Jacobs* v. *Smallwood*, as I think the control over the remedy belongs exclusively to the State; but I yield to the authority of the decision in that case.

PER CURIAM.                     Judgment affirmed.